Next case we're going to hear this morning is United States v. Dinkins and Mr. Carpenter, whenever you're ready, we'll hear from you. May it please the court. We're asking you to hold both that 2244B1 does not bar our Johnson claim and that Mr. Dinkins is entitled to a resentencing on that provision applies only to state prisoners and not the federal prisoners like Mr. Dinkins who seek relief under section 2255. As we explained in the opening brief and as the government explains, I don't think you gain any comfort from the fact that the provisions of 2244 explicitly refer to 2254 habeas because you really have to look at 2255H which incorporates it and so you have to find out which sections are incorporated and the fact that what's incorporated on its face is limited to 2254 and it's a couple of times in that provision refers to 2254 which are state habeas cases. Federal 2255 incorporates it and the issue is what is being incorporated in 2255H not what the 2244 is. Right and that's exactly the issue that the government addresses in Williams and that we address in the opening brief as well and that cross reference as we read it incorporates those provisions in 2244 that either of their own volition apply to 2255 which is 2244A that explicitly refers to section 2255 and those provisions that are silent as to which provision they apply to. Why do we have to address that issue? What's that? Why do we have to address the 4141B1 issue? You don't. The government has conceded it and so you can accept that concession without addressing it and I know it's the reason you can do that it's subject to waiver because it's not a jurisdictional provision and we'll acknowledge for the court that there is an 11th Circuit decision with some loose language called Bradford that suggests it's jurisdictional and it cites a couple of other circuit cases with loose language. Those are exactly what the Supreme Court has referred to as drive-by jurisdictional rulings. They don't engage with Gonzalez versus Thaler in the clear statement principle. If the court wants briefing on whether it's jurisdictional I'm happy to provide it but I can give you the two quick points as to why it's very clearly not. The language itself shall be dismissed isn't jurisdictional language. This court has held for example under the Speedy Trial Act that that exact same language shall be dismissed is subject to waiver. That was in United States versus Cherry 720 F 3rd 161 and in addition to the language point the broader background law is that 2244 B1 is effectively a res judicata provision and that is ordinarily an affirmative defense subject to waiver. The Supreme Court has held that in Arizona versus California which is 530 U.S. 392. So for all those reasons B1 isn't jurisdictional this court can just accept the government's claim. And so on that the discourse decision in Winston sets forth a two step process for evaluating a Johnson claim. At step one the threshold determination whether the district court may have relied on the residual clause and step two is the merits claim as to whether there are three remaining predicates. Now I acknowledge the government wants the court to conclude that Winston was wrongly decided and to follow the 11th Circuit and a couple of other circuits that merged those two inquiries into a single sort of judge say inquiry. But this Winston is binding on this panel it's also correct it's been followed by the Third Circuit and Peppers and the Ninth Circuit and Geozo's. And so we are on all fours with Winston as to the threshold showing because as in Winston the record here was silent the district judge did not specify which clause of the violent felony definition he relied on. So we get through step one which brings us to step two whether there are three remaining predicates. So on step two if you agree with us either that the common law robbery does not count under Gardner or that the accessory offense does not count then Mr. Dinkins is down to only two remaining predicates with the drug offense knocked out as well and we would ask for the re-sentencing in that scenario. So most of the briefing the extra briefing has been on the the common law robbery issues. So I'll start there and our fundamental point is that binding on this panel because let me ask you about that I I think the issue in the supplemental was to ask what did Stokeling do? And Stokeling addressed Florida common law robbery which material is indistinguishable. So there has one extra word in it that it is immaterial but it seems to me not only is the statute virtually the same but the analysis is a a new analysis that we have to grope with and and it seems to me that if we're going to be faithful to Stokeling the North Carolina statute looks very similar to the Florida statute which they said. So let me address a few reasons why I think Stokeling doesn't answer the question here and doesn't undermine Gardner and the first just the suggestion that there are Gardner whether undermine Gardner was decided before Stokeling. So the question is whether Stokeling we're not deciding whether to overrule anything we're deciding whether Stokeling governs this case. Are we really also talking about the language of Stokeling that talks about resistance by the victim that is overcome by the physical force of the offender? And that's exactly what's missing in North Carolina. Okay I think when you when you look at these robbery type offenses they fall into three buckets and the first bucket is the one where it's a pure snatching there's no contact between the victim and the robber I think everyone agrees those are out they don't count. The other end of the spectrum is statutes where the state draws the line between larceny and robbery using this overcomes resistance standard that Stokeling talked about. I think everybody agrees under Stokeling those count but then you have this middle ground where North Carolina does not draw the line using this overcomes resistance language but it also said there must be something more than just a snatching so there's snatching plus contact with the victim a brushing a pushing of the hand in the chance case for example. That's a middle ground we don't have the prevents or overcomes resistance standard so Stokeling doesn't control and Stokeling very carefully and repeatedly limited the scope of its holding to statutes that draw the line between larceny and robbery using this overcomes resistance standard we cite that language in the in both of the briefs it's it's repeated at page 550 page 554 on page 555 of the Stokeling decisions on page 9 of the original reply and three to four of the sir reply. Stokeling is very careful to limit its holding to that provision North Carolina or to that standard North Carolina does not use that standard and so Gardner remains on point with this middle ground and I will add that that is precisely the distinction that this court drew in the Orr decision we tried hard to convince the court that Florida and North Carolina were materially indistinguishable as Judge Neumeyer suggested and the court told us we were dead wrong about that in an unpublished opinion that wasn't close enough to even warrant argument and Judge Neumeyer I think you were on the panel if I remember correctly and so if Mr. Orr was wrong when he stood up in front of this court or in briefing and said these two and the government argued hard no no there is a big contrast and it cited the chance case in particular in its briefing and says nothing in chance shows that the Court of Appeals of North Carolina required any resistance by the victim so if the government was right in that case to draw this distinction between Florida and North Carolina then we are right now to say that distinction that the government previously drew that Judge Neumeyer in the court accepted in excuse me Mr. Carpenter but though in in Gardner we said at 803 we said the Supreme Court of North Carolina has explained that although actual force implies personal violence the degree of force used is immaterial so long as it is sufficient to compel the victim to part with his property okay so there has to be some force that compels the victim to part with the property so how is that different from the resistance analysis employed in Stokelyn sure so I think it's different precisely because of the chance case that Gardner went on to talk about as illustrating this is the least culpable conduct under North Carolina law and so what happened in chance is the offender comes in it pushes the clerk's hand off of the carton of cigarettes and the clerk at that point testifies look I wasn't going to fight there's no I'm not gonna fight him on it I'm not gonna resist he take and he takes it and so there you have the contact the pushing of the hand but you do not have victim resistance and because you do not have victim resistance you lose the rationale that Stokeling relied on what Stokeling says is when the victim is required to resist and when the offender is required to overcome that resistance you necessarily have a physical struggle a physical contest between the defendant and the victim and the presence of that struggle is what they use the word resistance in Gardner we went on to talk about the necklace around the neck and that the pulling the necklace overcame the resistance it says a necklace is attached to a person such a way that it offers resistance to anyone who would try to pull it from the person's neck and therefore justified so the issue here is that we have to look at the least culpable conduct covered by the something that involves actual resistance and overcoming it is going to satisfy the standard but it's in North Carolina but it's not the least culpable conduct. In Gattis we said it the minimum force necessary to take an item from the victim's possession we said he must direct a degree of force toward the victim beyond the minimum necessary to remove the item from the victim's grasp. So I think there are two points about Gattis one is that's a line drawing scenario and what it's all focused on this idea that you're not snatching like a purse snatch but you are overcoming a resistance of some kind and taking it that's North Carolina law. So you have to again look to the minimum conduct so if you look at page 157 in the federal reporter version of Gattis it says if the defendant uses force to overcome the victim's resistance or or force more than necessary to simply remove an item from the victim's grasp then the crime becomes robbery. That's a disjunctive we agree if the minimum conduct is overcomes resistance it qualifies but the disjunctive there is or force more than necessary to simply remove an item from the victim's grasp that's the slight push aside of the hand. That's the overcoming the force in other words the purse snatching is just that which is necessary to take the purse and there's no resistance to it. So that if there is some resistance and the Supreme Court in Stokely they talked exactly about these very same types of situations. And so that's just not the way that North Carolina applies it and Chance illustrates that where there is no resistance at all and in fact you have a victim testifying no resistance I'm not fighting it I let him take it and so that's what distinguishes North Carolina and I point to the Ash decision in the Tenth Circuit that we talked about in the final reply brief which talked about Missouri law. Missouri had a case very similar to Chance where the Missouri court says nope that's not enough and that and we're sticking to an overcomes resistance standard that's not enough. If the courts if the state draws the line that way it's in under Stokely. If it allows this broader set of conduct to qualify as Chance does then we think it's out still under Stokely. And can I go in a different direction that it may be related to the thing that Ray's started with and it's really H2 of 2255 and whether we really have a new rule in light of the first motion being based on Johnson and I realize you know Welch came after that but when when when the defendant makes a Johnson claim yeah and and it's decided on the merits yeah how do we deal with the fact that it has to be new you know that the Eleventh Circuit's talked about that in a way that appears right on point. So I think a couple of points I think one is that Welch does make this different because at the time that this was decided the Johnson rule wasn't available to him in the sense that it advantage under 2255 now I recognize that it certainly wasn't but the the you know F3 talks about you know bringing new right that is made retroactive so that result would allow someone to jump the gun bring a case and then we have to and then it's a successive motion. In other words that that that that distinction is only due to the fact that it was prematurely brought isn't it? So I'm not quite sure that that's right or that I can follow that I think that our position here is that the Johnson the initial Johnson claim was decided first it was decided wrongly it wasn't we never got to the merits of is ACA sentence correct here and the district judge nor the government has ever defended the reasoning it was rejected on a prejudice analysis that well it didn't really affect the sentence but when you look at the record it's very clear that was just a mistake this is I don't disagree with that but does that matter a wrongly decided case is that so we think the term native it we think it's not because under it's one it wasn't available at the time we think because of Welch hadn't declared it available that's why the district judge in his other part of his ruling said well it's not retroactive so it's not timely don't consider it but once he gets to it we think that if it's wrongly decided generally you're gonna have res judicata problems and but the government's never raised res judicata as a defense here and it is like I said earlier an affirmative defense that can be waived so we think that we get through h2 and all of those issues because the government waived any reliance on anything related to that they've never invoked any kind of affirmative defense based on res judicata based on this what we think agree is an erroneous prejudice holding in the initial order so I think we get past all of that because of the government's failure to raise any of those arguments and it's affirmative waiver in this court of b1 thank thank you may it please the court Elizabeth green up on behalf of the United States this court should affirm the district courts dismissal of mr. Dinkins successive 22 55 motion because he has not met his burden of proof to show that his constitutional rights were violated under Johnson furthermore even if he could make that showing he cannot show the merits of his claim any error was harmless because he still has three prior convictions that qualify as violent felonies and I want to start off here with the showing that's required under Johnson that the Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process the court did not hold that if someone would not be subject to the ACCA today that that's a constitutional violation so this court's analysis is a backward-looking one and that's why it's so important to look at what the district court did at the time of sentencing and only if mr. Dinkins can show that he his sentence was increased under the residual clause can he make this Johnson claim now he contends that he needs only show that he was sentenced he might have been sentenced under that clause and he says that that holding in Winston is binding but he misreads Winston because mr. Dinkins is bringing a successive 22 55 motion he had to make two threshold showings first he had to show this court that his application presented a new rule of constitutional law made retroactive on collateral review by the Supreme Court that was previously unavailable and once he made that threshold showing and was granted authorization to file his successive motion with the district court that court then had to examine each claim within his application to determine whether it met that standard and in Winston what the court said and it specifically divided its decision into two different sections first addressing the procedural threshold issue what the court said in Winston is when an inmate sentence may have been predicated on application of the now void residual clause and therefore maybe an unlawful sentence under the holding in Johnson the inmate has shown that he relies on a new rule of constitutional law it says within the meaning of 22 44 b2a so the and contrary to mr. Dinkins contention that it in fact what the parties that's what the parties argued in Winston contrary to his contention the parties did not argue whether that was a merits determination only after the court in Winston made that determination that they may have standard would suffice as a threshold issue does the court turn to the merits and so the district court I'm sorry this court is not bound by Winston in terms of determining what the appropriate burden of proof here is and the Supreme Court and the Fourth Circuit has previously recognized that in the post convictions scenario because we're dealing with a presumptively valid conviction the burden of proof lies on the applicant in this case mr. Dinkins he had the opportunity previously to conviction and he also filed as you noted a prior 2255 motion so this is his third shot at it and it's not unfair to put that burden of proof on the movement when he's seeking the extraordinary remedy of post conviction relief now there are several ways under your theory a defendant really could never make a that hadn't relied on the residual clause no your honor in fact there are several ways that he could make that showing it may be available on the record the court could also rely on its independent recollection of how it sentenced the defendant but I think probably the most likely scenario would be to look at the state of the law at the time that he was sentenced and if the state of the law shows that it would have qualified only under the residual clause then the defendant could meet that burden and at least seven circuits that have already addressed this issue have held that the burden of proof lies as it should on the movement I would like to turn now to the common law robbery issue and I know mr. Dinkins I suggested that North Carolina common law recognized in Stokeling common law robbery is the quintessential crime of violence North Carolina law fits within the mainstream of common law robbery offenses it requires the showing of the use of force that must be of such a nature as to show that it was intended to overpower the party robbed or prevent his resisting and not merely to get control of the property and as mr. Dinkins admitted it requires something more simply than snatching we know that from the Supreme Court or from the Supreme Court of North Carolina's decision Supreme Court sets said even more powerfully sufficient force must be used to overcome resistance however slight the resistance correct and that gets us to Stokeling which recognizes that is oh sorry yes so Stokeling again yeah must overpower the victims well even a feeble or weak-willed victim it doesn't need to cause pain or injury it's the physical confrontation the struggle between the two sides that really counts so the North Carolina definition is sufficient to show that it meets the Stokeling standard requires use of sufficient force to compel someone to give up property the force has to be used to accomplish the robbery and chance isn't any different from this in chance we know the clerk was holding on to the cigarettes the robber grabbed the cigarette box with one hand pushed her arm off with the other hand and then was able to secure the cigarettes that's more than snatching that's compelling her to give up property that she had the court discussed it in chance was and this is I think it page 405 of the opinion says by pushing mrs. Wheaton's hands off the box the defendant prevented her from resisting so is an act that prevents resistance as opposed to overcomes resistance sufficient is there any daylight between those two concepts preventing resistance and overcoming resistance I don't think so your honor and if you look at this court's recent decision in Hammond they tell me why there's no difference first before you go to him okay because in order to prevent resistance you have to use a sufficient degree of force that the person you know is not going to resistance even though it isn't a isn't necessarily a strong act right and you see that and when we're dealing with committing robbery by fear so if you point a gun at someone and they don't resist nobody's arguing that that's not common-law robbery so if you use enough force that the person doesn't resist it should fall within the same threshold and if turning to this court's recent decision in Hammond there the New York robbery statute was worded similarly it says using or threatening the use of physical force to prevent or overcome resistance to the taking of the property or compelling the owner to deliver up the property and that's almost the exact language that the 10th Circuit used with respect to the Missouri robbery statute and I want to go back for a minute to what Mr. Carpenter said with respect to this one of the state decisions in ash he talked about brushing against the clerk when you look at that decision you'll see that it seemed to be an accidental brushing that the cashier who was involved wasn't even sure that she had been touched so it's very dissimilar from what we have in North Carolina law I if there are any further questions I'm happy to address them thank you so let me start judge Keenan with your question about daylight between the prevents standard and overcome standard so there is daylight and the critical daylight is exactly what is missing from Stokeling and that is Stokeling says the reason that an overcomes resistance standard satisfies the violent force requirement is that it necessitates a physical struggle when resistance is my friend referred to robbery by fear pointing a gun at someone in that preventing their resistance we agree that that's fine that qualifies but that under North Carolina law is a distinct means of committing a robbery and Gardner talked about the two different means the robbery by fear and the robbery by violence and the Sawyer standard that the court talks about in Gardner uses the prevents resistance formulation as relevant to that other formulation the resistance or the robbery by fear formulation is there any indication under North Carolina law that it intended to amplify or modify the common law definition of robbery I think I sort of assumed that they were basically adopting what they thought was the common law robbery so I have no idea what the court was thinking all those years ago important because the as you have anything that suggests explicitly that Florida was adopting but they had common law robbery which was defined almost the same as here and it spent most of its time talking about common law robbery right and so the key I think in Stokeling is it cites a bunch of common law treatises and the like that use this formulation overcomes resistance and what we see is when North Carolina gets around to deciding these cases it doesn't copy that formulation so I think we have to believe that was intentional I thought it defined robbery in its decisions identically no it doesn't it absolutely doesn't there is not a single North Carolina decision out there that uses the phrase overcomes resistance and that's why it's different it they do say prevents resistance only under Sawyer which is the governing Supreme Court standard now that's only relevant to robbery by fear the the only time that prevents resistance is using like in chance it does use that formulation but it it's very clear that it's different from overcomes resistance because you have the witness testifying nope not going to resist and so that again that takes away I think the core reason that Stokeling held what it held a couple of other points I'm going to not lose track of the fact that if we are correct on the accessory that you don't have to deal with the Stokeling Gardner issue and two quick points about accessory the first is a state law point which is the government's brief kind of makes it seem like an accessory before North Carolina is sort of a puppet master provision that the accessories pulling the strings and the principles committing the offense really if you look at the least culpable conduct as you're required to as a cheerleader provision if you look at Marr it says that if you encourage the accessory encourages the principal to commit the offense and that encouragement contributes to the principal's decision that's enough and so that is a far stretch from a causal of pure causal factor the other is a federal law point I think two strands of this court's case law combined to eliminate an accessory under ACA the first is cases like United States versus white which dealt with the same object offense in North Carolina armed robbery and said that an inchoate version of that offense doesn't qualify under the force clause and only under it only qualifies under the residual clause I think the decision in white undercuts the government's argument that the elements of the object offense are all that matters and white was a residual clause case though wasn't it exactly and so the residual clause isn't available so our point is these inchoate offenses like accessory previously qualified under the residual clause now that it's gone they're out and so I think that is something that Justice Alito's dissent in Johnson talks about he is complaining that throwing out the residual clause is going to allow all of these things to you know no longer be acrobatics and he defenses lots of attempt defenses he also cites a solicitation to commit an assault and it cites a Sixth Circuit case United States versus Benton which says that a that offense qualifies only under the residual clause and that it's at least one step removed from the force clause because it's not the defendant who's using the force and so I think Benton is at 639 of third 723 it's cited in Justice Alito's dissent and I think if a solicitation to commit an accessory before should be out now and so we would you know ask the court to to rule that way if and the other just before I forget the second strand of this court's case law is Fuertes which says under the residual clause it has to be the defendant himself who's created that is at risk of using force we think that it's equally appropriate under the elements clause thank you come down a great counsel proceed on to the next case
judges: Paul V. Niemeyer, Barbara Milano Keenan, A. Marvin Quattlebaum Jr.